UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Alexandria Nikolinos, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Alexandria.Nikolinos@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| In re: | : | Chapter 11, Subchapter V |
| | : | |
| RPVA Trucking LLC | : | Case No. 22-19705 |
| | : | |
| Debtor. | : | Hearing Date: May 16, 2023, at 2:00 p.m. |
| | : | |
| | : | The Honorable Christine M. Gravelle |
| | : | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S CHAPTER 11 SMALL BUSINESS SUBCHAPTER V PLAN OF REORGANIZATION**

The United States Trustee (the "U.S. Trustee"), by and through his counsel, and in furtherance of his duties pursuant to 28 U.S.C. § 586(a)(3) and (5), hereby submits this objection (the "Objection") to RPVA Trucking LLC's (the "Debtor") *Chapter 11 Small Business Subchapter V Plan* (the "Plan") and in support of the Objection, respectfully states as follows:

**PRELIMINARY STATEMENT**

1.  The U.S. Trustee objects to confirmation of the Debtor's plan given the missing monthly operating reports, the insufficient liquidation analysis, the insufficient projections, and the lack of feasibility.

## JURISDICTION

2. Pursuant to 11 U.S.C. § 586, the U.S. Trustee is obligated to oversee the administration of cases commenced pursuant to chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (the U.S. Trustee has "public interest standing" under section 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*), 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Pursuant to 28 U.S.C. § 586(a)(3)(B), the U.S. Trustee has the duty to monitor and comment on plans and disclosure statements filed in Chapter 11 cases.

4. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard regarding this Objection.

## BACKGROUND

**General Background**

5. On December 8, 2022 ("Petition Date"), RPVA Trucking LLC ("the Debtor") filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code. ECF No. 1.

6. The Debtor elected to proceed under Subchapter V of Chapter 11. *Id.* at p. 2.

7. On March 21, 2023, the U.S. Trustee filed a motion to convert or dismiss this case due to the debtor's failure to timely file a plan, failure to file monthly operating reports, failure to correct errors on documents filed on the docket, and failure to provide the U.S. Trustee with documents requested. ECF No. 30.

**Debtor's Schedules, Statement of Financial Affairs, and Monthly Operating Report**

    8.    On December 30, 2022, the Debtor filed its Schedules. ECF No. 10.

    9.    Schedule A/B lists the following assets totaling $320,000:

| Asset | | Value |
|---|---|---|
| 47.1 | F2015 Volvo D1 | 35,000 |
| 47.2 | 2019 International ProStar | 100,000 |
| 47.3 | 2019 International Pro Star | 90,000 |
| 47.4 | 2016 Mack CXU | 35,000 |
| 50.1 | 2015 Carrier Utility Reefer | 30,000 |
| 50.2 | 2014 Carrier Reefer | 30,000 |

    10.    A monthly operating report ("MOR") was filed for January 18, 2023 to February 20, 2023. (ECF No. 33). The report disclosed that the Debtor is not paying its bills on time but did not attach the required explanation. *Id.* The report showed net cash flow of $135.17 but failed to attach any bank statements. *Id.* at p. 2. Additionally, the MOR stated $20,000 is owed to the Debtor, but failed to attach the required Exhibit providing more detail. *Id.* at 3.

    11.    A MOR was filed for February 20, 2023 to March 18, 2023. ECF No. 34. The report disclosed that the Debtor is not paying its bills on time but did not attach the required explanation. *Id.* The report showed net cash flow of $3,503.00 but failed to attach any bank statements. *Id.* at p. 2. Additionally, the MOR stated $20,000 is owed to the Debtor, but failed to attach the required Exhibit providing more detail. *Id.* at 3.

    12.    As of the date of this Objection, monthly operating reports ("MORs") are outstanding for December 2022, January 1 to January 17, 2023, and March 19 to March 31, 2023.

**The Plan**

13. On April 10, 2023, the Debtor filed a Chapter 11 Small Business Subchapter V Plan (the "Plan"). ECF. No. 35.

14. Attached to the Plan, the Debtor filed "2023 projection" ECF No. 35-2, and a Liquidation Analysis. ECF. No. 35-3.

15. The Plan proposes to pay $4,918.02 for 3 months, $3,251.36 for 15 months, and $2,571.48 for 42 months. ECF No. 35, p. 5.

16. The Plan leaves blank the annual average cash flow. *Id.* at 21. It states: "The Debtor's financial projections show that the Debtor will have an aggregate annual average cash flow, after paying operating expenses and post- confirmation taxes, of $____ . The final Plan payment is expected to be paid on July 1, 2028." *Id.*

17. The Debtor's 2023 projections are broken into two time periods (1) January to July and (2) August to December. ECF No. 35-2. The projections are unclear. For example, it appears that the Debtor first projects its three teams will earn it $36,000 each in gross monthly revenue from January to July 2023, which would be a total of $648,000 for the 6 months. Then, further below on the same document, it states "gross projection of team driver" $252,000. For three teams that would be $756,000. *Id.*

18. It appears the Debtor is projecting net monthly revenue of $6,700 after paying drivers, fuel, tolls, insurance, and maintenance for January to July 2023 and $18,700 net monthly revenue from August to December 2023. *Id.*

19. There are no projections past 2023.

20. The Liquidation Analysis includes $13,000 in total assets. ECF No. 35-3, p. 1. The estimated dividend in chapter 7 is 0% and the dividend under the plan is $10,000. *Id.*

21. The Effective Date is defined as "30 days after entry of the order confirming the plan unless the plan or confirmation order provides otherwise." ECF No. 35, p. 29.

22. The Plan provides that the final plan payment is expected to be paid on July 1, 2028. *Id.* at 21.

23. Different spellings are used throughout the Plan for the Debtor's member's name. *Id.* at 6, 17, and 19.

## **OBJECTION**

24. For cases proceeding under Subchapter V, the Bankruptcy Code provides "[t]he court shall confirm a plan under this subchapter only if all of the requirements of section 1129(a), other than paragraph (15) of that section, of this title are met." 11 U.S.C. § 1191(a).

### **Failure to Comply with the Bankruptcy Code**

25. Section 1129(a)(2) provides that the Court shall only confirm a plan if "[t]he proponent of the plan complies with the applicable provisions of this title."

*Failure to File MORs*

26. Subchapter V debtors are subject to many of the same requirements as non-electing small business debtors, even though section 1116 does not apply in subchapter V cases. 11 U.S.C. § 1181(a). That is because section 1187 applies most of the duties under section 1116 to subchapter V cases by reference. Section 1187(b) applies subsections 1116(a)(2)–(7) and the reporting requirements of section 308. As a result, subchapter V debtors must file the periodic financial reports required by section 308 and Rule 2015(a)(6).

27. As of the date of this Objection, the Debtor has failed to file MORs for (1) December 2022, (2) January 1 to January 17, 2023, and (3) March 19 to March 31, 2023.

*Inadequate Liquidation Analysis*

28. Section 1190(1)(B) requires subchapter V debtors to include a liquidation analysis in their plan. 11 U.S.C. § 1190(1)(B).

29. Here, the Debtor attached a liquidation analysis that only includes $13,000 in total assets. This is a diversion from the over $300,000 listed on Schedule A/B.

30. Additionally, it failed to list the percentage unsecured creditors would receive under the plan.

31. Thus, the liquidation analysis is insufficient to satisfy section 1190(1)(B).

*Inadequate Projections*

32. Section 1190(1)(C) requires subchapter V debtors to include "projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." 11 U.S.C. § 1190(1)(C).

33. The Debtor attached projections from January 2023 to December 2023.

34. The plan defines the Effective Date as 30 days after entry of the order confirming the plan unless the plan or confirmation order provides otherwise. Thus, the earliest the Effective Date in this case would be is June 15, 2023. Therefore, the Debtor only included projections for 6.5 months under the Plan.

35. Additionally, the Plan provides that the final plan payment is expected to be paid on July 1, 2028. Therefore, the Debtor is missing over 4 years of projections with respect to the ability of the debtor to make payments.

36. Thus, the projections failed to satisfy section 1190(1)(C).

37. Given the Debtor's failure to file MORs and failure to file an adequate liquidation analysis and projections, the Debtor has failed to comply with the applicable provisions of this title as required for confirmation pursuant to section 1129(a)(2).

**Feasibility**

38. Pursuant to Section 1129(a)(11), every chapter 11 plan must be feasible in order to be confirmed. Section 1129(a)(11) provides that the Court shall confirm a plan only if the plan is not likely to be followed by the liquidation, or the need for further financial reorganization. A plan proponent must demonstrate that a plan "has a reasonable chance of succeeding." *See In re Greate Bay Hotel & Casino, Inc.*, 251 B.R 213, 226 (Bankr. D.N.J. 2000).

39. It is respectfully asserted that, as a threshold matter, monthly operating reports need to be brought current so that the Debtor's performance in chapter 11, and ability to perform under the Plan, can be assessed at confirmation.

40. The Plan leaves blank the annual average cash flow. It states: "The Debtor's financial projections show that the Debtor will have an aggregate annual average cash flow, after paying operating expenses and post- confirmation taxes, of $____ . The final Plan payment is expected to be paid on July 1, 2028." *Id*

41. The Debtor's forecasts attached to the Plan are unclear. As discussed above, the numbers contradict each other. Additionally, no projections were provided for 4.5 years of the Plan.

42. It appears the Debtor might be projecting net monthly revenue of $6,700 from January 2023 to July 2023, after paying drivers, fuel, tolls, insurance, and maintenance.

43. The Debtor provides no support for its projections.

44. Additionally, the two MORs filed in this case were for that same time period as the projections and net revenue did match the projection.

45. The first MOR filed was from January 18, 2023 to February 20, 2023, and showed net cash flow of $135.17.

46. The second MOR filed was from February 20, 2023 to March 18, 2023, and showed net cash flow of $3,503.00.

47. The average cash flow for the MORs filed is $1,819.09.

48. Given the missing MORs, the missing projections, the MORs showing an average cash flow of $1,819.09, and the lack of evidence to support the Debtor's projections, the Debtor has now shown that its Plan has a reasonable chance of succeeding.

49. Thus, the Debtor cannot satisfy feasibility under section 1129(a)(11).

**Incorrect Spelling of Member's Name**

50. Different spellings are used throughout the Plan for the Debtor's member's name. This has been a theme throughout this case that the Debtor has failed to correct.

**CONCLUSION**

51. Given the missing monthly operating reports, the insufficient liquidation analysis, the insufficient projections, and the lack of feasibility, the U.S. Trustee respectfully requests that the Court deny confirmation of the Plan and grant such other relief as the Court deems just and proper.

52. The U.S. Trustee leaves the Debtor to meet its burden and reserves all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGION 3 and 9

Dated: May 9, 2023                    By:  */s/ Alexandria Nikolinos*
                    Alexandria Nikolinos
                    Trial Attorney